IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALLEN DEAN WASHBURN,**

      **Plaintiff,**

  v.          CASE NO. 17-3113-SAC-DJW

**HARVEY COUNTY JAIL,**

      **Defendant.**

**MEMORANDUM AND ORDER**

  This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner held in state custody. He proceeds pro se and seeks leave to proceed in forma pauperis.

*The motion to proceed in forma pauperis*

  This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

  Here, the limited financial information provided shows that plaintiff has no income and that his available balance is less than

Case 5:17-cv-03113-SAC    Document 5    Filed 07/17/17    Page 2 of 4

$1.00. The court therefore does not impose an initial partial filing fee but advises plaintiff that he remains obligated to pay the $350.00 filing fee.

*Screening*

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action

harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

Here, the complaint names the Harvey County Jail as the sole defendant. A jail, however, is not a "person" under § 1983. *See Aston v. Cunningham*, 216 F.3d 1086 (Table), 2000 WL 796086 *4 n. 3 (10th Cir. June 21, 2000)(affirming the dismissal of a county jail from an action under § 1983 and stating "a detention facility is not a person or legally created entity capable of being sued."). Therefore, the Harvey County Jail must be dismissed, and plaintiff must amend the complaint to name the person or persons whose acts or omissions violated his federal rights. The amended complaint should present a detailed statement of how each defendant violated plaintiff's rights, when the violation occurred, and the injury caused.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion to proceed in forma pauperis (Doc. #2) is granted. Plaintiff remains obligated to pay the $350.00 filing fee.[1]

IT IS FURTHER ORDERED the plaintiff is granted to and including August 17, 2017, to submit an amended complaint.

A copy of this order shall be transmitted to the plaintiff.

---

[1] Plaintiff will be required to pay the filing fee in installments calculated pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

DATED:  This 17th day of July 2017, at Kansas City, Kansas.


                             s/ David J. Waxse
                             DAVID J. WAXSE
                             U.S. Magistrate Judge