IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ALLEN DEAN WASHBURN,**

                **Plaintiff,**

    v.                                    CASE NO. 17-3113-SAC

**HARVEY COUNTY JAIL, et al.,**

                **Defendants.**


**MEMORANDUM AND ORDER**

    This matter is a civil rights complaint filed under 42 U.S.C. § 1983 by a prisoner in state custody. Plaintiff proceeds pro se and in forma pauperis.

    By its order entered on July 17, 2017, the Court directed plaintiff to file an amended complaint. Plaintiff has filed an amended complaint (Doc. #6), two supplements (Docs. #9 and #11), and an amended supplement (Doc. #12).

**Motion to appoint counsel**

    Plaintiff also moves for the appointment of counsel. As a party in a civil action, plaintiff has no constitutional right to the appointment of counsel. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). The decision whether to appoint counsel in a civil action rests in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The movant has the burden to convince the court that there is sufficient merit to his claims to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough to argue "that having counsel appointed would have assisted [the pro se party] in presenting his

strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In ruling on a request for the appointment of counsel, the Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks, id.*

The Court has considered the record and declines to appoint counsel. Plaintiff is able to explain the nature of his claims, and the issues presented do not appear to be unusually complicated or novel. The Court will deny the motion without prejudice and may reconsider the request upon the development of the record.

### The Complaint

The amended complaint broadly alleges unhealthy conditions of confinement, inadequate medical and dental treatment, and the denial of access to legal papers and religious material. As relief, plaintiff requests that his property be mailed and seeks damages for each day of his confinement.

The first supplemental pleading states that during his confinement at the Harvey County Jail, (1) plaintiff was placed on a special diet to address low blood sugars, but the diet was discontinued when plaintiff was accused of trading; (2) a sewage vent in the jail was broken and made some jail residents sick; (3) upon plaintiff's transfer to the Department of Corrections, the jail refused to let plaintiff take legal paperwork or other property, including religious material, with him and refused to mail it; (4) plaintiff suffered pain from broken teeth but was told he could see a dentist only if he bore the costs.

The second supplemental pleading shows that on October 19, 2017, plaintiff had a hearing in the District Court of Marion County, Kansas. Plaintiff was represented by counsel. The district court ordered the Harvey County Jail and the Harvey County Sheriff's Office "to release to the Defense any and all personal and or legal paperwork of Allen D. Washburn." (Doc. #11, p. 4.) Essentially identical material appears in the amended supplement (Doc. #12).

Having considered the record, the Court will direct plaintiff to file a second amended complaint that contains all of the claims he intends to pursue in this action. The complaint should identify individual defendants as specifically as possible and should "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). Likewise, plaintiff should identify when the events occurred and whether his personal and legal property was returned following the order of the District Court of Marion County, Kansas.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to appoint counsel (Doc. #3) is denied without prejudice.

IT IS FURTHER ORDERED plaintiff is granted to and including December 8, 2017, to file a second amended complaint. The failure to file a timely response may result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 8th day of November, 2017, at Topeka, Kansas.

                                               S/ Sam A. Crow
                                               SAM A. CROW
                                               U.S. Senior District Judge