# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ALLEN DEAN WASHBURN,**

             **Plaintiff,**

      **v.**                                  **CASE NO. 17-3113-SAC**

**HARVEY COUNTY JAIL, et al.,**

             **Defendants.**

## MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff's claims arose during his incarceration in the Harvey County Jail (HCJ) from March 9, 2017, to May 16, 2017. Plaintiff is now a prisoner in the custody of the Kansas Department of Corrections (KDOC). He proceeds pro se and in forma pauperis.

The Court enters this order to address two motions filed by the plaintiff and to enter an order to show cause.

**Plaintiff's motions for copies and for production of video**

At the direction of the Court, counsel for the HCJ has filed a report pursuant to *Martinez v. Aaron*, 317 F.2d 570 (10th Cir. 1978)(Doc. 29). Two exhibits to the report were filed under seal due to sensitive information in their contents.

Plaintiff filed a motion for copies of those exhibits (Doc. 32), and counsel submitted a certificate of additional service (Doc. 33) showing that the report and all exhibits were mailed to plaintiff at three different addresses. The Court therefore will deny the motion as moot.

Plaintiff also filed a motion for production of video taken upon his transfer from the HCJ to the KDOC in which he sought, but was

denied, permission to take his legal paperwork (Doc. 34). Counsel for the HCJ filed a reply (Doc. 35) stating that no such video exists and noting that if such footage ever existed, it would have been overwritten in the ordinary course absent the occurrence of any incident that warranted its preservation.

Because it appears there is no material responsive to the request, the Court will deny the motion.

### Order to Show Cause

The *Martinez* report developed as a means "to ascertain whether there is a factual as well as a legal basis for [a] prisoner's claims." *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). The report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991)(citing *Sampley v. Ruettgers*, 704 F.2d 491, 493 n. 3 (10th Cir. 1983)).

The Court has examined the commendably thorough *Martinez* report and plaintiff's responses and, for the reasons that follow, is considering the dismissal of this action. Plaintiff will be directed to show cause why that dismissal should not be entered.

### Exhaustion of administrative remedies

The Prison Litigation Reform Act (PLRA), requires a prisoner "to exhaust prison grievance procedures before filing suit." *Jones v. Bock*, 549 U.S. 199, 202 (2007)(citing 42 U.S.C. § 1997e(a)). The exhaustion of available remedies is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006)("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

The *Martinez* report states that the HCJ has a written grievance

process that requires prisoners there to submit grievances on paper or through the jail kiosk. According to the report, plaintiff did not submit a grievance on his complaints concerning dental care, blood sugar testing, his property, or religious texts. He submitted a single request complaining of odor in the jail, and a grievance form concerning the cessation of his medical diet. *See* Doc. 29, p. 16.

The failure to exhaust is an affirmative defense, and a prisoner is "not required to specially plead or demonstrate exhaustion in [his] complaint[]." *Jones*, 549 U.S. at 216. Here, the report of the HCJ places the exhaustion of remedies in issue, and if plaintiff fails to respond to this point, his unexhausted claims are subject to dismissal.

**Property claim and denial of religious material**

Plaintiff presents related claims that part of his personal property has been held by the HCJ, including a Bible, a wedding ring, and a necklace following his transfer to the custody of the KDOC.

The *Martinez* report states that during intake processing at the HCJ, a prisoner's personal property is inventoried and placed in secure storage. A prisoner may release personal property at any time by completing a request form. When a prisoner is released and is unable to take his personal property, he must arrange for pick up of the property, ordinarily within thirty days. Doc. 29, p. 11, Ex. 3 and Ex. 4.

Because plaintiff was released for transfer to a KDOC facility, the HCJ provided for his personal transport but did not transfer his personal property[1]. At the time he was released, plaintiff designated

---

[1]Because the HCJ has a single transport officer, it provides "body-only" transfers. Doc. 29, p. 14, Ex. 1, Gay Decl., par. 21.

two persons to pick up his property, David Case, and plaintiff's attorney, Gary Price. Mr. Price visited the jail after plaintiff's transfer and accepted part of the property, primarily legal paperwork.

The jail has continued to hold plaintiff's remaining property. The *Martinez* report states that the Sheriff of Harvey County will mail that property to plaintiff upon his designation of a preferred address, Doc. 29, p. 7, and the Court will direct plaintiff to provide that address to the Sheriff within thirty days.

**Medical and dental care**

Plaintiff presents two claims related to health care. First, he claims he was not given appropriate medical care for diabetes. Second, he claims he was not provided with a tooth extraction because of his inability to pay. He concedes that his teeth were extracted after his transfer to the Kansas Department of Corrections[2].

At the time of his detention at the HCJ, it appears plaintiff was a convicted prisoner. His right to adequate medical care therefore arises under the Eighth Amendment. To state a claim under this provision for the denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Under this standard, jail officials violate a prisoner's protected rights when the prisoner has a medical need that is a "serious illness or injury," *Estelle*, 429 U.S. at 105, and where jail officials both know of and disregard an excessive risk to the prisoner's health. *Grissom v. Roberts*, 902 F.3d 1162, 1174 (10th Cir.

---

[2] In a reply, plaintiff states that he underwent a tooth extraction after his transfer to the Kansas Department of Corrections. Doc. 36, p. 2.

2018)(citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A difference of opinion between medical staff and the prisoner concerning the treatment required does not state a constitutional violation. *Taylor v. Ortiz*, 410 F. App'x 76, 79 (10th Cir. 2010).

Plaintiff's medical claim alleges a denial of adequate care for diabetes. The *Martinez* report and attachments reflect that while plaintiff complained of low blood sugar and expressed his concern with avoiding diabetes, blood tests provided by the HCJ were within normal limits. Plaintiff was seen by medical personnel on several occasions and was provided a special diet until it was discontinued by medical providers. *See* Doc. 29, Ex. 5, pp. 3-6. These facts do not support a claim for relief under the deliberate indifference standard. It is clear that the HCJ provided care and a special diet in response to plaintiff's concerns, which proved groundless.

Plaintiff's claim regarding dental care arises from his request for a tooth extraction to address his complaint that a tooth rubbing against his tongue caused a sore. Doc. 29, Ex. 2, p. 51. The report shows that a nurse saw plaintiff on March 18, 2017, and prescribed a "swish and spit" medication to address the complaint of pain. *Id*.

The HCJ did not act with deliberate indifference to plaintiff's claim of pain. Medical staff responded to plaintiff's complaint by prescribing medication. Although plaintiff sought a tooth extraction, he had no constitutional entitlement to the treatment of his choice. Likewise, a delay in providing medical care violates the Constitution only if the plaintiff demonstrates that the delay "resulted in substantial harm." *Oxendine v. Kaplan*, 241 F3d 1272, 1276 (10th Cir. 2001). A plaintiff may make that showing by establishing "lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*,

254 F.3d 946, 950 (10th Cir. 2001). Plaintiff has not made that showing.

### Exposure to sewer gas

Plaintiff claims he was exposed to odor from sewer gas at the HCJ. The *Martinez* report acknowledges that there is sometimes odor from the jail plumbing system. Jail officials take ongoing measures to maintain the plumbing by updating sinks and toilets in the facility as resources allow, by having a drain cleaning company clean the lines once or twice per month, and by consulting with a plumber. Jail personnel have been advised that the odor emanates from the plumbing system when drain traps dry out and have found that running water down the drains will reduce or eliminate odor. Jail personnel have advised prisoners there how to remedy the odor. Doc. 29, Sec. IV.B; Ex. 1 and Ex. 3.

"The Eighth Amendment 'does not mandate comfortable prisons,' and conditions imposed may be 'restrictive and even harsh.'" *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998)(quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981)). Here, the occasional exposure to odor described by plaintiff, while unpleasant, does not suggest that he was exposed to the sort of extreme deprivation that violates the Eighth Amendment.

### Order to Show Cause

For the reasons set forth, the Court directs plaintiff to show cause why his claims alleging the denial of adequate medical and dental care and his claim of exposure to odor in the HCJ should not be dismissed for failure to state a claim for relief.

The Court also will grant plaintiff thirty days to provide the Sheriff of Harvey County with an address for the disposition of his remaining property held at the HCJ. Plaintiff is directed to provide

a copy of that notice to the Court and to counsel for the HCJ.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for copies of sealed exhibits (Doc. 32) is denied as moot.

IT IS FURTHER ORDERED plaintiff's motion for production of video (Doc. 34) is denied.

IT IS FURTHER ORDERED plaintiff is directed to show cause on or before **April 29, 2019,** why his claims alleging the denial of adequate medical and dental care and exposure to odor should not be dismissed for failure to state a claim for relief.

IT IS FURTHER ORDERED plaintiff is directed to provide an address to the Sheriff of Harvey County on or before **April 29, 2019,** for the disposition of his property.

**IT IS SO ORDERED.**

DATED: This 29th day of March, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge